## Commonwealth v. Benton Hotel Company.

(Decided October 24, 1911.)

### Appeal from Marshall Circuit Court.

Corporations—Filing Statement in Secretary of State's Office—Indictment—Demurrer.—Appellee was not accused in the indictment under section 571, Kentucky Statutes, of failing to file the statement required, nor accused of carrying on the business before filing such statement, but was accused of carrying on business without "keeping on file in the office of the Secretary of State," such statement. Held, that the statute does not require a corporation to keep the statements on file, it is its duty to file them and the duty of the Secretary of State to keep them there. The demurrer to the indictment was properly sustained.

JAS. BREATHITT, Attorney General, JNO. G. LOVETT, E. L. COOPER for appellant.

OLIVER & OLIVER, SHERWELL & REEDER for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee was indicted in the Marshall Circuit Court for the violation of section 571 of the Kentucky Statutes, which is as follows:

"All corporations except foreign insurance companies, formed under the laws of this or any other State, and carrying on any business in this State, shall at all times have one or more known places of business in this State, and an authorized agent or agents thereat, upon whom process can be served; and it shall not be lawful for any corporation to carry on any business in this State, until it shall have filed in the office of the Secretary of State a statement, signed by its president or secretary, giving the location of its office or offices in this

State, and the name or names of its agent or agents thereat upon whom process can be served; and when any change is made in the location of its office or offices, or in its agent or agents, it shall at once file with the Secretary of State a statement of such change; and the former agent shall remain agent for the purpose of service until statement of appointment of the new agent is filed; and if any corporation fails to comply with the requirements of this section, such corporation, and any agent or employe of such corporation, who shall transact, carry on or conduct any business in this State, for it, shall be severally guilty of a misdemeanor, and fined not less than one hundred nor more than one thousand dollars for each offense.''

A demurrer was filed to the indictment and sustained. The indictment is long and it is not necessary to copy it. It will be observed that a corporation is required by the section of the statutes above copied to do certain things, among which are the following: First, it must have one or more known places of business. Second, it must file in the office of Secretary of State, a statement signed by its president or secretary, giving the location of its office or offices, and the name or names of its agent or agents in this State upon whom process can be served. Third, when any change is made in its office or offices or in its agent or agents, it shall at once file a statement showing such change. The statute provides that a failure to do either of these things shall constitute a misdemeanor and subject the corporation to a fine of not less than one hundred nor more than one thousand dollars. There was no attempt to charge that appellee violated any provision of this statute except the one which provides that a statement shall be filed with the Secretary of State, giving the location of its place of business and the name of the person upon whom process can be served. Appellee was not accused of failing to file the statement or statements required, nor was it accused of carrying on business before it filed such statements with the Secretary of State, but it was accused of carrying on its business without ''keeping on file in the office of the Secretary of State'' such statement or statements. The statute does not require a corporation to ''keep'' the statements on file, it is its duty to file them and the duty of the Secretary of State to keep them there. When a corporation files the required statement it may engage in

and carry on its business until some change is made in its location or in its agents, then it becomes its duty to file another statement showing such change or changes. The indictment does not charge that appellee failed to comply with its duty in any of these particulars.

For these reasons, the judgment of the lower court is affirmed.